UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STOLT TANKERS BV,                                    Case No.:     11 Civ. 2331 (SAS)

        Petitioner,

  -against-

KLABIN S.A.; SUZANO PAPEL E
CELULOSE S.A.; ALLIANZ SEGUROS, S.A.;
and ACE SEGURADORA S.A.,

        Respondents
----------------------------------------------------------------x


# MEMORANDUM OF LAW IN OPPOSITION TO PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §§1-307 AND FOR ANTI-SUIT INJUNCTION

CARUSO GLYNN, LLC
Attorney for Respondents
Allianz Seguros, S.A. and ACE Seguradora S.A.
36 PECK SLIP
NEW YORK, NEW YORK 10038
TELEPHONE: (718) 570-3338
FACSIMILE: (718) 767-2474
e-mail to lglynn@carusoglynn.com
www.carusoglynn.com

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Point I

    Petitioners Have Failed to Demonstrate That Respondents Agreed to Arbitrate Their Cargo Claim in New York or Elsewhere . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    The Bills of Lading Identify A Different Charterparty  . . . . . . . . . . . . . . . 1

        B.    Even If the Court Accepts That the Bill of Lading Incorporates by Reference the Fixture Recap of January 19, 2009, That Fixture Recap in Turn Incorporates by Reference a Charterparty Which Has Heretofore Not Been Identified . . . . . . . . . . . . 2

        C.    The Fixture Recap Calls For New York Arbitration Only With Respect to General Average . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        D.    Petitioner Has Omitted ASBATANKVOY Part I . . . . . . . . . . . . . . . . . . . 3

Point II

    Petitioner's Anti-Suit Injunction Fails for Lack of Identity of Parties . . . . . . . . . . . . . . . . 4

# Table of Authorities

**Federal Statutes**

9 U.S.C. §§1-307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Cases**

*Am. Home Assurance Corp. v. The Ins. Corp. of Ireland, Ltd.,* 603 F.Supp. 636,
643 (S.D.N.Y.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*China Trade & Dev. Corp. v. M.V. Chong Yong,* 837 F.2d 33, 35 (2d Cir.1987) . . . . . . . . . . . 4-6

*Ibeto Petrochemical Indus. Ltd. v. M/T Beffen,* 475 F.3d 56, 64 (2d Cir.2007) . . . . . . . . . . . . . 6

*In re Vivendi Universal, S.A. Securities Litigation*, Case No.: 02 Civ 5571(RJH),
2009 WL 3859066 (S.D.N.Y. Nov. 19, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

*Laker Airways Ltd. v. Sabena,* 731 F.2d 909, 927 (D.C.Cir.1984) . . . . . . . . . . . . . . . . . . . . 4-5

*Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 652
(2d Cir.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . 4

*Safic Alcan & Cie v. M/V Kasco*, 565 F.Supp.2d 519, 521 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . 1

*Seabury Constr. Corp. v. Jeffrey Chain* Corp., 289 F.3d. 63, 68 (2d Cir. 2002) . . . . . . . . . . . . . 1

**Treatises**

*Anti-Suit Injunctions and the Vexing Problem of Comity*, 45 Va. J. Int'l L. 283, 301 (2005) . . . . 5

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of Respondents Allianz Seguros, S.A. ("Allianz") and ACE Seguradora S.A. ("ACE")(sometimes collectively referred to herein as "Respondents") in opposition to the petition to compel arbitration pursuant to 9 U.S.C. §§1-307 and for and anti-suit injunction brought by petitioner Stolt Tankers BV ("Stolt" or "Petitioner").

**Point I**

**Petitioners Have Failed to Demonstrate That Respondents Agreed to Arbitrate Their Cargo Claim in New York or Elsewhere**

**A.  The Bills of Lading Identify A Different Charterparty**

Petitioner has not demonstrated that it is entitled to arbitration in New York. The bills of lading upon which it relies, Exhibits A and B to the Petition, attempt to incorporate by reference a charterparty dated at Houston January 19, 2009 between Stolt Tankers, BV as owners and Tricon Shipping as charterers. However, Exhibit C to the petition is a Fixture Recap with a Rider and reference to the ASBATANKVOY charterparty. The recap identifies the owners as "SNTG BV," and not Stolt Tankers BV. The Court must "look at the plain language of the Recap." *Seabury Constr. Corp. v. Jeffrey Chain Corp.*, 289 F.3d. 63, 68 (2d Cir. 2002); *Safic Alcan & Cie v. M/V Kasco*, 565 F.Supp.2d 519, 521 (S.D.N.Y. 2008). Thus, in attempting to identify the charterparty that was to be incorporated by reference into the bill of lading, the bill of lading identifies something different than that which is stated, i.e., a charterparty between SNTG and Tricon, not one between Stolt Tankers BV and Tricon. Stolt has not provided an explanation as to why a different owner is stated on the recap as that which is included in the bill of lading. Since Stolt Tankers is not a party to the Recap it identified, there cannot be a proper incorporation.

**B.  Even If the Court Accepts That the Bill of Lading Incorporates by Reference the Fixture Recap of January 19, 2009, That Fixture Recap in Turn**

**Incorporates by Reference a Charterparty Which Has
Heretofore Not Been Identified.**

Even if the Court were to rule that the bill of lading effectively incorporates the terms of the Fixture Recap dated January 19, 2009, Petitioner's right to arbitrate still has not been established. The Fixture Recap (between SNTG and Tricon, not Stolt and Tricon) goes on to incorporate "all other terms as agreed on the *Stolt Protector* which have been attached." Petition Ex. C. Following the Fixture Recap in Ex. C. are a series of terms with the header "Tricon Shiping Inc. Shipping Clauses" consisting of 42 numbered clauses, followed by a blank "Tanker Voyage Charterparty" form followed by "Part II" containing 26 clauses. Petitioner has not demonstrated that these are the "terms as agreed on the Stolt Protector" and Respondents, who took no part in the negotiating of the Fixture Recap or any of the terms in the Stolt Protector charterparty (or any other charterparty to which Stolt or SNTG BV is a party) has no way of knowing whether all of these terms now relied upon by Stolt are, in fact, the terms of the Stolt Protector.

With all of these necessary links absent, links which are crucial to an effective incorporation by reference, Petitioner now seeks to compel two Brazilian insurers, with no other connection to the United States, who are not parties to either the bill of lading, the Fixture Recap or any other charterparty involving Stolt or SNTG or Tricon, to arbitrate in New York.

**C.    The Fixture Recap Calls For New York
        Arbitration Only With Respect to General
        Average**

It is also important to note that the Fixture Recap upon which Petitioner relies states "General Average/Arbitration New York." The dispute at issue is not one involving General Average. This clause calls for New York arbitration for disputes involving General Average. It makes no mention of where arbitration is to be held for cargo damage.

2

**D.     Petitioner Has Omitted ASBATANKVOY Part I**

Clause 24 of the ASBATANKVOY tanker voyage charterparty states, in pertinent part, "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York or in the City of London whichever is specified in Part I of this charter...." Exhibit C to Petition. However, Petitioner has not included Part I of the charterparty as an exhibit. Thus, Petitioner has presented no evidence that London was not specified as the place for arbitration in Part I. Petitioner is therefore merely speculating that Part I either a) called for arbitration in New York, or b) was silent as to the choice between New York and London[1] without any proof. Having failed in answering this threshold question, there can be no certainty as to Petitioner's right to commence arbitration in New York based upon the evidence now before this Court, for it may just as likely be London where arbitration is to occur. Petitioner ignores this crucial element in its attempt to compel arbitration.

The charterparty upon which Stolt relies lists as owners an entity named SNTG BV and the charterer Tricon Shipping Inc. Petition, Exhibit C. Thus, putting aside for a moment the effectiveness of the incorporation of this charterparty, it is an entity known as SNTG BV, and not Stolt, that has standing to bring this petition to compel arbitration. Petitioner has not identified for this Court its privity to the contract and thus its entitlement to force arbitration. Petitioner's statement that "pursuant to the unambiguous terms of the Fixture Recap, and for purposes of Clause 24, Stolt Tankers and Tricon agreed to arbitrate in New York" (Petitioner's Memorandum of Law ("MOL") at p 6) is simply not true.

---

[1] In the event neither is selected, then the purported Rider term in Clause 37 fills the gap and implements New York. However, before Petitioner can "fill this gap," it must have first demonstrated that there was a gap that required filling. Having failed to submit Part I and specifically Clause K which is where a selection of New York or London (or no selection at all) would have been made, Petitioner skips this important step and now asks this Court to take a leap of faith as to what the term actually was.

An entity named SNTG BV and Tricon agreed to arbitrate in New York. Further, Stolt has not demonstrated that it is an explicit third party beneficiary of the agreement. Accordingly, Petitioner lacks standing to bring this action. See *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103 (2d Cir. 2009). failure to explain this threshold issue dooms its bid to invoke arbitration. Since Petitioner clearly lacks standing to bring this suit, the Court does not have jurisdiction over any of these Brazilian entities.

Importantly, even if the actual party to the contract, SNTG BV, sought to compel arbitration against Respondents Allianz and Ace in this manner, it too would fail, as there is no certainty that arbitration is to be in New York as opposed to London, and because Allianz and Ace were not parties to any bill of lading, charterparty, or fixture recap.

**Point II**

**Petitioner's Anti-Suit Injunction Fails for Lack of Identity of Parties**

In addition to seeking to compel arbitration based upon incorporated terms that do not definitively set forth New York as the situs for any arbitration, Stolt Tankers seeks to enjoin a lawsuit in Brazil to which it is not even a party. That Stolt is not a party to that lawsuit renders this aspect of the petition equally devoid of merit.

"Requests for foreign anti-suit injunctions bring to the forefront important considerations of international comity." *In re Vivendi Universal, S.A. Securities Litigation*, Case No.: 02 Civ 5571(RJH), 2009 WL 3859066 (S.D.N.Y. Nov. 19, 2009) While "the power of federal courts to enjoin foreign suits by persons subject to their jurisdiction is well established... district courts have discretion to issue such injunctions 'only in the most compelling circumstances.'" *Id. citing China Trade & Dev. Corp. v. M.V. Chong Yong,* 837 F.2d 33, 35 (2d Cir.1987); *Laker Airways Ltd. v. Sabena,* 731 F.2d 909, 927 (D.C.Cir.1984). "This is so because although foreign anti-suit injunctions technically operate only against the parties, in effect they restrict the jurisdiction of the courts of a foreign sovereign." *Id.* citing

4

*China Trade*, 837 F.2d at 35. Consequently, foreign anti-suit injunctions should be "used sparingly ... and granted only with care and great restraint." *Id.* at 36 (citations and quotations omitted).

Parallel proceedings in two or more countries on the same claims should "ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as *res judicata* in the other." *Id.* (citing *Laker Airways,* 731 F.2d at 926-27).FN8. "Comity is often defined as "the recognition to which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard to both international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Id.* citing Daniel Tan, *Anti-Suit Injunctions and the Vexing Problem of Comity*, 45 Va. J. Int'l L. 283, 301 (2005).

"In the Second Circuit, a district court may issue an anti-suit injunction only if the test set forth in *China Trade* is met. Under the *China Trade* test, an anti-suit injunction against parallel foreign litigation may be imposed only if two threshold requirements are met: (1) the parties are the same in both matters, and (2) resolution of the case before the enjoining court is dispositive of the action to be enjoined." *Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 652 (2d Cir.2004) (citing *China Trade,* 837 F.2d at 35).

> When these threshold requirements are met, district courts are directed to consider five factors in determining, in their discretion, whether comity considerations render an injunction against the foreign action appropriate: (1) whether the foreign action poses a threat to the enjoining court's jurisdiction; (2) whether the foreign action would frustrate a policy in the enjoining forum; (3) whether the foreign action would be vexatious; (4) whether the proceedings in the other forum prejudice other equitable considerations; and (5) whether adjudication of the same issues in separate actions would result in delay, inconvenience, expense, inconsistency, or a race to judgment. *China Trade,* 837 F.2d at 35-36 (citing *Am. Home Assurance Corp. v. The Ins. Corp. of Ireland, Ltd.,* 603 F.Supp. 636, 643 (S.D.N.Y.1984). All five factors should be considered in each case, *Ibeto Petrochemical Indus. Ltd. v. M/T Beffen,* 475 F.3d 56, 64 (2d Cir.2007), but most important is whether the foreign action

> threatens the enjoining forum's jurisdiction or frustrates its strong public policies. *China Trade*, 837 F.3d at 36.

*In re Vivendi Universal, S.A. Securities Litigation*, Case No.: 02 Civ 5571(RJH), 2009 WL 3859066 (S.D.N.Y. Nov. 19, 2009)

Applying the analysis set forth in *China Trade*, the Court will readily appreciate that the first of the two threshold requirements is not met, i.e., identity of parties is absent, as Stolt Tankers, by their own admission, is not a party to the action pending in Brazil. See Declaration of Iwam Jaeger, Jr., ¶4 and Exhibits A and B thereto. The party named in the Brazilian actions is Stolt-Nielsen Brasil Afretamento, not Stolt Tankers B.V. That Stolt attempts to insulate itself from liability by using innumerable name permutations is not by accident. However, Stolt cannot be heard to complain when one such permutation is named in a lawsuit, and Stolt certainly should not be permitted to interject itself into the role of one of its affiliated entities only when it serves its interests. If Stolt wanted to avoid confusion and reduce the risk of it and its affiliates being named in myriad lawsuits and fora, then perhaps a simpler corporate structure is in order.

As it currently stands, the reality is that Stolt Tankers, an entity not named in the Brazilian action, is now asking this Court to issue an injunction enjoining that action. Under the clear precedent set forth in *China Trade*, Stolt fails to satisfy the threshold issue of commonality of parties.

Further, as discussed *supra*, because Stolt is not a party to the charterparty upon which it relies to compel arbitration, this situation deviates from the typical one where an actual party to the arbitration agreement seeks to simultaneously compel arbitration and enjoin a parallel foreign action.

In light of the foregoing, the petition must be denied in its entirety and the Brazilian action be allowed to proceed unmolested.

WHEREFORE it is respectfully requested that this Court deny Stolt's petition in its entirety, award costs and attorney's fees in defending this action, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 18, 2011

Respectfully submitted,

**CARUSO GLYNN, LLC**
Attorneys for Respondents
*Allianz Seguros, S.A. and*
*ACE Seguradora S.A.*

By: */s/ Lawrence C. Glynn*
Lawrence C. Glynn
36 Peck Slip
New York, New York 10038
(718) 570-3338
File No.: 42.041411.01